**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**FRANKIE DEAN BAKER,**

      **Petitioner,**

**vs.**                                 **Case No. 4:05cv322-WS/WCS**

**JAMES CROSBY,**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION ON EMERGENCY HABEAS CORPUS PETITION

      This cause is before the court on a pleading entitled "Emergency Motion of Habeas Corpus." Doc. 1. Petitioner has not paid the filing fee or sought leave to proceed in forma pauperis.

      The emergency motion is styled for the Third Judicial Circuit in and for Suwannee County, case number 04-242-CF. Petitioner asserts that he is being illegally held on charges of aggravated child abuse. He refers to hearsay and conflicting testimony at depositions, and asserts that the alleged victim has denied saying that Petitioner burned

him or used a belt buckle as a form of discipline.  Petitioner also asserts that evidence, such as a medical examiner's report, would not prove the charges.

Attached to the petition is a letter to Petitioner from the Circuit Court Clerk, dated August 18, 2005, advising that Petitioner has an attorney to assist him.  Also attached is an order of August 8, 2005, denying Petitioner's pro se request for speedy trial, pretrial release, and law library access:

> Your request for speedy trial is denied.  You waived that right when you demanded a [replacement attorney] on the eve of your trial date.  Your motion for pre-trial release was denied the day after it was heard.  You have a lawyer, the law library issue is now moot.

Doc. 1, attachment.

It is apparent that Petitioner is in pretrial custody, and has not yet been convicted of the charges at issue.  Any relief in federal court would therefore be pursuant to 28 U.S.C. § 2241, following exhaustion of remedies.  *See* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-62 and nn. 3 and 4 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 881 (2005) (pretrial 28 U.S.C. § 2254 petition would be treated as filed pursuant to § 2241; petitioners had met exhaustion as necessary for relief under § 2241) (citations omitted).

Even assuming exhaustion of remedies, Petitioner is not entitled to relief from this court.  Subject to few exceptions, a federal court may not enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283; Younger v. Harris, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971) (noting

that, between 1793 and 1970, only three exceptions to the prohibition had been

created).[1]

A federal court may enjoin state proceedings "when absolutely necessary for

protection of constitutional rights," and "when the danger of irreparable loss is both

great and immediate;" however:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience
> of having to defend against a single criminal prosecution, could not by
> themselves be considered "irreparable" in the special legal sense of that
> term.  Instead, the threat to the plaintiff's federally protected rights must be
> one that cannot be eliminated by his defense against a single criminal
> prosecution.

Id., at 45-46, 91 S.Ct. at 751, quoting Fenner v. Boykin, 271 U.S. 240, 243-244, 46 S.Ct.

492, 493, 70 L.Ed. 927 (1926) (other citations omitted).  Extraordinary circumstances,

such as prosecutions brought in bad faith or for purposes of harassment, are necessary

to "establish the kind of irreparable injury, above and beyond that associated with the

defense of a single prosecution brought in good faith," to justify federal injunctive relief.

Younger, 401 U.S. 48-49, 91 S.Ct. at 752-753 (citations omitted).  See also Hughes,

377 F.3d at 1263 and n. 7 (discussing "extraordinary circumstances" and "irreparable

harm" under Younger); compare Braden v. 30th Judicial Circuit Court of Kentucky, 410

U.S. 484, 493, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (allowing a pretrial petition to

enforce the constitutional right to speedy trial following exhaustion of state remedies,

---

[1] A 1793 Act flatly prohibited injunctions in state proceedings, and 1970 was the
current version of § 2283 when Younger was decided.  Id.  The statute has not changed
since 1970; § 2283 was most recently amended in 1948.  The Court did not consider
whether § 2283 "would in and of itself be controlling under the circumstances" before it,
however, basing its holding on the absence of necessary equitable factors (discussed
infra).  Id., at 54, 91 S.Ct. at 755.

but "emphasiz[ing] that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

Petitioner Baker has a lawyer in his state case.  He does not assert extraordinary circumstances, or danger of irreparable loss both great and immediate.  Legal or factual arguments may be raised in the state trial court before judgment is entered, and thereafter (assuming a judgment of conviction is entered) on direct review, habeas corpus petition, or motion pursuant to Fla.R.Crim.P. 3.850.  *Cf.* Pompey v. Broward County, 95 F.3d 1543, 1550-51 (11th Cir. 1996) (finding Younger abstention appropriate because state remedies were available on direct review or in a state habeas corpus proceeding), *distinguishing* Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).[2]

If Petitioner is convicted, he may challenge the judgment by filing a 28 U.S.C. § 2254 petition following exhaustion of state court remedies.  The petition should be filed in the district of confinement or the district of conviction.  § 2241(d).  If Petitioner is convicted of the current charges by the court in Suwannee County, the Middle District will have jurisdiction as the district of conviction.

---

[2] Gerstein distinguished Younger, because the injunction was directed not at the state prosecution as such but to the legality of pretrial detention without a preliminary hearing. 420 U.S. at 108, n. 9, 95 S.Ct. at 860, n. 9.  The preliminary hearing issue could not have been raised in defense of the criminal prosecution, and the injunction would not prejudice the ultimate trial on the merits.  *Id.*

It is therefore respectfully **RECOMMENDED** that the "Emergency Motion of Habeas Corpus" (doc. 1), be **TREATED** as a petition challenging pretrial state custody pursuant to 28 U.S.C. § 2241, and be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 13, 2005.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**